Van Voorhis, J. (dissenting).
The judgment of the Appellate Division goes beyond anything held in MacPherson v. Buick Motor Co. (217 N. Y. 382), Smith v. Peerless Glass Co. (259 N. Y. 292), or other cases cited by respondent. In the MacPherson case, as the majority opinion says, the manufacturer of an automobile put it on the market as a finished assembled product under the well-known trade name of the manufacturer. In the Smith case, where a bottle exploded, the manufacturer was held liable for negligence in the manufacture of a defective bottle, but *905 the court held that no case had been made out as matter of law against the bottler. Although a new trial was granted, this could only have been to give the plaintiff an opportunity to get more evidence for the court said (p. 298) “ There was no proof that this defendant was negligent.” In that case the bottler had bought bottles under a guarantee by the maker, and had tested several sample bottles before filling them. No bottle thus tested had broken.
It is not clear that even the bottler could be held on the instant record, under Smith v. Peerless Co. (supra). This appellant was not the bottler. He was not the manufacturer. The finished product was not assembled by him nor placed upon the market under his name. He merely made and inserted tubes or siphons which were not defective, and had no causal relation to the explosion of the bottle.
It is true that appellant bought these bottles from the manufacturer and sold them to defendant Wolk along with the tubes or siphons. That, it seems, does not render appellant liable in negligence more than would be the case with any middleman who buys and sells merchandise or equipment which is afterwards put upon the market by some one else. Neither the MacPherson case nor the Smith case subjects every trader in merchandise or equipment to tort liability to the general public.
These soda bottles were manufactured by defendant Glenshaw Glass Company. Appellant bought them from Glenshaw and sold them with the tubes or siphons to defendant Wolk. The bottles were filled with seltzer by defendant Home Siphon Filling Corp., which stacked and stored them in its plant where defendant Wolk picked them up for delivery to his customers under Wolk’s trade name.
Glenshaw, Wolk and Home Siphon Filling Corp. settled this action insofar as it was brought against them. They comprised the manufacturer, the bottler and the assembler who launched the bottles into the stream of commerce in their completed state under his trade name. The litigation continued against appellant alone.
No one would have thought that appellant could have been held liable if he had sold and delivered the glass tubes or siphons to Wolk without the bottles. If Wolk had bought the bottles from Glenshaw, appellant could not have been held because he made it possible for Wolk to put them on the market by supplying the tubes and siphons. We do not understand how the hare cir *906 eumstance that appellant bought these bottles and sold them to Wolk with the glass tubes or siphons is enough to render him liable to the public for defects in the bottles. If appellant had bought and sold the bottles to Wolk without inserting the siphons, he might have been subject to breach of implied warranty at the instance of Wolk, but he could under no circumstances have been liable to the public for negligence under the principle of Mac-Pherson v. Buick Motor Co. The bottles were seltzer bottles. Appellant, if he had merely bought and sold them as middleman, would have known that they were ultimately destined to be sold to the public. If he is to be held on the theory that he knew that the bottles would ultimately be sold to the public, his equipping them with tubes or siphons is not an element of liability. The judgment now being affirmed would seem to signify that any middleman who buys and sells merchandise or equipment, knowing (as every middleman does) that it is destined to be assembled by some one else with other goods or equipment and eventually placed upon the market, becomes liable in tort in event that the future reveals that there were defects in the merchandise or equipment when it passed through his hands. We doubt that it is the intention of the court to go so far. If appellant had not bought and sold these bottles, or if appellant had not inserted glass tubes or siphons therein, it is probable that no cause of action against appellant would be held to have been maintained. What we are unable to perceive is how the insertion of tubes or siphons, which had nothing to do with the explosion, can involve appellant in liability any more than though as middleman he had simply bought and sold the bottles. The distinction from the MacPherson and Peerless cases is that here appellant was neither the manufacturer nor the assembler of the finished product, which was not sold to the public on his name or reputation. He simply performed, and performed satisfactorily, one operation in the course of the preparation of the soda bottles for their final market and bought and sold the bottles to the eventual vendor who had them filled and sold to the public. The operation which he performed had nothing to do with the accident, it did not apprise him that the bottles would eventually be filled with soda and sold to consumers which was already apparent, nor was it his responsibility to inspect the bottles before selling them to Wolk. Actually he did inspect them by visual examination against a blue light to see if they had any cracks, but he has been *907 held Hable by the trial court and the Appellate Division for not having used a polariseope, which the manufacturer, bottler and assembler of the finished product might well have used, but Avhich (as it seems to us) was uncalled for on the part of a middleman who bought and sold empty bottles. No decision which we have seen goes so far as to hold that everyone is liable in tort to the general public who has had any contact with the preparation of a product for the market, which is not assembled by him nor sold under his name or reputation, unless the accident has resulted from negligence in the performance of his function as the product passes through his hands. Merely buying and selHng some of the ingredients that go to make up the finished product is not enough. Adding some ingredient that is unrelated to the accident is not enough. Otherwise the MacPherson doctrine would be stretched so as to hold liable in negligence for the collapse of a wheel not only the Buick Motor Company and the manufacturer of the wheel, but also the manufacturer of the automobile body, the supplier of the automotive electrical equipment and even the paint or lacquer on the car. The automobile could not have been operated without all of these appurtenances, but it would be unwarranted to impose liability on all of these suppliers because they failed to inspect the wheels.
The complaint should be dismissed against appellant or, in the absence of an appropriate motion to dismiss the complaint, a new trial should be granted on account of errors in the charge with respect to this aspect of the case.
Judgment affirmed.